IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**WAYNE CHRISTOPHER WATKINS,**

       Petitioner,

v.                                  CIVIL ACTION NO.: 3:18-CV-155

**JENNIFER SAAD, Warden,**

       Respondent.

**REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

On September 26, 2018, Petitioner acting *pro se* filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[1] Petitioner is a federal inmate housed at GILMER FCI who is challenging his conviction. Filed with the petition are five additional typewritten pages [Id. at 7 – 11]; and several exhibits [Id. at 12 – 22]. On October 26, 2018, Petitioner filed a motion for an Order to Show Cause. ECF No. 9.

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice.

---

[1] All ECF numbers refer to entries in the docket of Civil Action No. 3:18-CV-155, unless otherwise noted.

## II.   FACTS

### A.   Conviction and Sentence[2]

On September 22, 2015, a three-count superseding indictment was returned against Petitioner charging him and others with conspiracy to distribute a controlled substance, and two counts of possession with intent to distribute a controlled substances.[3] ECF No. 99. On October 8, 2015, by way of a plea agreement, Petitioner entered his guilty plea to Count 3 of the superseding indictment. ECF No. 143. On April 19, 2016, Petitioner was sentenced 115 months of imprisonment. ECF No. 200. Petitioner did not appeal.

On March 2, 2007, Petitioner wrote to the Clerk to request that he be appointed counsel to represent him in a § 2255 proceeding. ECF No. 233. The motion was denied by order entered March 3, 2017. ECF No. 234.

### B.   Motion to Vacate Under § 2255[4]

Petitioner filed a pro se motion to vacate pursuant to 28 U.S.C. § 2255 on April 26, 2017. ECF No. 1. On that same date, Petitioner also filed a memorandum of law in support of his motion to vacate. ECF No. 2. The docket notes that the case was ready for a decision by the Court, as all briefing deadlines had passed. ECF No. 10. Thereafter, Petitioner filed a pro se supplement on March 29, 2018, which made additional allegations related to his claims that: (1) trial counsel did not grant Petitioner

---

[2] The facts in section II.A. are taken from Petitioner's criminal case, Case Number 1:15-CR-31 in the United States District Court for the Northern District of Iowa, available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] Petitioner's co-defendant was charged in Counts 1 and 3.

[4] The facts in section II.B. are taken from Petitioner's civil case, Case Number 1:17-CV-42, in the United States District Court for the Northern District of Iowa, available on PACER.

adequate access to discovery or withheld exculpatory evidence; (2) trial counsel failed to challenge the validity of the indictment; and (3) trial counsel permitted Petitioner to plead to an "insufficient factual basis." ECF No. 11 at 2. On September 25, 2018, Petitioner filed another supplement to his petition to vacate, which included five exhibits. ECF No. 16. The most recent pleading in that action was a motion for leave of court to supplement and add a new claim to his original motion to vacate, filed October 17, 2018. ECF No. 17. The matter remains pending.

### C. Instant 2241 Petition

Petitioner presents two claims for relief: (1) that he is actually innocent [ECF No. 1 at 5]; and (2) that his court-appointed counsel did not grant him adequate access to discovery and/or withheld exculpatory evidence [Id. at 5 – 6]. For relief, Petitioner requests the following relief:

>Show Cause
>Appointment of Counsel
>Transfer to Original District
>Evidentiary Hearing
>Grant Habeas Corpus
>Grant Discovery

ECF No. 1 at 25.

### III. LEGAL STANDARD

### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

3

court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B.     Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

4

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### IV. ANALYSIS

The petition states that the grounds raised herein were not previously raised in any other proceeding.  ECF No. 1 at 3, ¶ 11.  However a review of Petitioner's files in the United States District Court in the Northern District of Iowa shows that Petitioner filed a § 2255 proceeding in that court's case number 1:17-CV-42, prior to filing the instant action.  That post-conviction proceeding remains pending.  In the instant petition filed pursuant to § 2241, Petitioner essentially seeks the same relief, via a different route.  His requests for relief include transfer of his case to the jurisdiction where he was convicted, and that he be granted an evidentiary hearing related to his claims about receiving ineffective assistance of counsel.  ECF No. 1 at 25.

It has long been recognized in this Circuit that courts should not rule upon issues when another court already exercises jurisdiction of those same matters.

<u>Aetna Cas. & Sur. Co. v. Quarles</u>, 92 F.2d 321, 325–26 (4th Cir. 1937) ("The court will refuse [to rule] where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances.")

Accordingly, it is clear that this court lacks jurisdiction because the matters addressed and relief sought are currently pending in a § 2255 motion to vacate filed by Petitioner in the Northern District of Iowa.

### V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

The undersigned further **RECOMMENDS** that the motion for order to show cause [ECF No. 9] be **DENIED** as **MOOT**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.  A copy of any objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file

objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge's association with the case.

The Clerk is directed to provide a copy of this Report and Recommendation to the parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** November 2, 2018

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE